(No. 91-CC-0796–)

ROSEMARIE KROLIK, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 17, 1993.*

ROSEMARIE KROLIK, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (MARGARET A. MARCOUILLER, Assistant Attorney General, of counsel), for Respondent.

OPINION

JANN, J.

Claimant seeks compensation for damage to her 1972 Pontiac Grand Prix which allegedly occurred on August 10, 1989, when the car was towed off of Interstate 55 by an Illinois Department of Transportation (IDOT) tow truck. Claimant ran out of gas near the Kedzie Avenue exit ramp and the California Avenue entrance ramp on the Stevenson Expressway. Claimant testified that she pulled the car off the roadway onto the shoulder and that it was not an impediment to other traffic. Claimant left the vehicle and went to purchase fuel.

Respondent's employee, Charles LoCoco, an IDOT tow truck operator, testified that Claimant's vehicle was left unattended in the roadway and was obstructing traffic. Mr. LoCoco testified that it is IDOT policy to move abandoned autos out of the roadway to the nearest safe location in as expedient a manner as possible. Mr. LoCoco further stated that as this incident occurred during rush hour at a point where there was no shoulder to the roadway, the vehicle presented a particularly dangerous situation. Mr. LoCoco towed the auto to a safe area.

Claimant claims the auto was negligently towed over the curb line which caused damage to the vehicle, rendering it inoperative in its present condition. Claimant seeks damages in the amount of $1,122 for alleged damage to the frame and transmission of her car.

Although a number of factual matters are disputed by the parties, the record is clear that Claimant left her auto unattended on or near a public roadway. Pursuant to the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 4—203(f), which in pertinent part reads as follows:

"Any law enforcement agency in the case of a publicly owned real property may cause any motor vehicle abandoned or left unattended upon such property without permission to be removed by a towing service without liability for the costs of removal, transportation or storage or damage caused by such removal, transportation or storage."

Assuming each and every allegation made by the Claimant is true and correct, the legislature has provided immunity for the State during the course of such removal and the Claimant has provided no facts which place her outside the scope of this immunity.

Wherefore, Claimant's claim is hereby denied and this cause of action is dismissed with prejudice.